**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:                                                                                  Case No.: 23-13357-PDR
                                                                                        Chapter 13
DAVID WALLACE GEMMELL

    Debtor.
_____/

**DEBTOR'S RESPONSE IN OPPOSITION TO SECOND MOTION OF CREDITORS DRS. AREZOU SHAHBAZI, JOSHUA KATS AND SEAN HERSHBERGER FOR AN ORDER EXTENDING TIME TO FILE COMPLAINT DETERMINING THE DISCHARGEABILITY OF A DEBT UNDER 11 U.S.C. §523 [DE #61]**

DAVID WALLACE GEMMELL (*hereinafter*, the "Debtor" or "Mr. Gemmell"), by and through undersigned counsel, hereby files this response in opposition to Second Motion of Creditors Drs. Arezou Shahbazi, Joshua Kats and Sean Hershberger for an Order Extending Time to File Complaint Determining the Dischargeability of a Debt Under 11 U.S.C. §523 [DE #61] (*hereinafter*, the "Second Motion"), seeking an Order denying the Second Motion for failure to show good cause, and states as follows:

1. On April 28, 2023, the Debtor filed his voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

2. The Debtor's first meeting of creditors under §341(a) was scheduled for May 24, 2023.

3. Pursuant to Federal Rule of Bankruptcy Procedure 4007(c), interested parties were given until July 24, 2023 (*hereinafter*, the "Original Deadline"), to file a complaint to challenge the dischargeability of certain debts.

4. Pursuant to this Court's Order at DE #30, the Original Deadline was extended as to the CA Claimants until October 22, 2023 (*hereinafter*, the "Second Deadline").

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Suite. 206, Plantation, FL 33324
Phone: (754) 900-6545 | Fax: (754) 203-2700 | Email: service@lightgonzalezlaw.com | Web: https://lightgonzalezlaw.com

5. Pursuant to Rule 4007(c), the Court may grant extension of the deadline to file a complaint under §523(c) **for cause shown**.

6. Judge Specie in the Northern District of Florida has identified the following factors in determining whether cause exists to extend the deadline:

> "(1) whether the debtor refused in bad faith to cooperate with creditor; (2) whether creditor had sufficient notice of the deadline and the information to file an objection; (3) the possibility that the proceedings pending [*5] in another forum will result in collateral estoppel on the relevant issues; (4) whether creditor exercised diligence; (5) the complexity of the case; (6) whether granting the delay will prejudice the debtor; (7) the length of the delay and its impact on efficient court administration.

*In re Leoni*, 2020 Bankr. LEXIS 2323, 2020 WL 5094662 (Bankr. N.D. Fla. August 11, 2020), citing *In re Tumbleson*, 596 B.R. 913, 915 (Bankr. N.D. Fla. 2018) (deriving factors one through five from *In re Ballas*, 342 B.R. 853 (Bankr. M.D. Fla. 2005).

7. Judge Specie goes on to describe the fourth factor, a creditor's diligence, as being "the most significant element to the test; a lack of diligence alone can preclude approval of an extension." *Id*.

8. The following is a chronological list of events/non-events evidencing the lack of diligence practiced by the CA Claimants in this case:

    A. On June 26, 2023, the Arezou Shahbazi, Joshua Kats and Sean Hershberger (*hereinafter*, the "CA Claimants") filed their Proofs of Claims.

    B. On June 27, 2023, counsel for the CA Claimants filed a Notice of Appearance [DE #17] and an Objection to Confirmation [DE #18].

    B. Ten days later, and two weeks prior to the Original Deadline, on the evening of Thursday, July 6, 2023, counsel for the CA Claimants sent an electronic mail to undersigned counsel requesting availability for a Rule 2004 examination of Mr. Gemmell. Dates were provided as promptly as possible on the following Tuesday.

C. Rather than notice the examination, on July 18, 2023, counsel for the CA Claimants requested consent to a 90-day extension of the Original Deadline. The Debtor in good faith and without explanation from the CA Claimants agreed to such extension.

D. Over a month later, on September 8, 2023, the Debtor filed his Omnibus Objection to Claims [DE #36] (*hereinafter*, the "Claims Objection"). No communication regarding discovery had taken place. The Claims Objection was set for the earliest Chapter 13 calendar following the expiration of the 30-day notice period, on November 6, 2023.

E. At the confirmation hearing on September 11, 2023, counsel for the Chapter 13 Trustee advised the parties to set down the Claims Objection as soon as possible on an evidentiary calendar.

F. Undersigned counsel reached out to counsel for the CA Claimants multiple times in order to arrange a specially-set hearing. No response was ever received.

G. At the confirmation hearing on October 2, 2023, counsel for the Chapter 13 Trustee again advised the parties to set down the Claims Objection prior to the November calendar as a contested matter.

H. Rather than attempt to schedule a special-set hearing, counsel for the CA Claimants, on Friday, October 6, 2023, requested an extension of time to respond to the Claims Objection, and presumably to not reschedule the hearing for sooner as had been requested by the Chapter 13 Trustee. The Debtor in good faith agreed to the extension.

I. With the Second Deadline looming closer, Mr. Gemmell was prepared to

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Suite. 206, Plantation, FL 33324
Phone: (754) 900-6545 | Fax: (754) 203-2700 | Email: service@lightgonzalezlaw.com | Web: https://lightgonzalezlaw.com

participate in a Rule 2004 examination, yet no such request/notice was ever given.

9. Since that first communication in July, and through to present, undersigned counsel has received no communication, notice, request, or otherwise indicating a desire to examine Mr. Gemmell.

10. It is abundantly apparent that the CA Claimants have no intention of examining the Debtor, and only seek to cause undue delay in this bankruptcy case.

11. The CA Claimants filed a state-court complaint in California against Mr. Gemmell individually for business related disputes. That lawsuit includes a count for fraud.

12. If the CA Claimants wish(ed) to determine non-dischargeability of a debt, there is no reason why they couldn't have simply initiated the adversary proceeding and then sought discovery in such proceeding, as may be necessary. If legal expenses are the basis for not commencing the adversary proceeding, this is not considered good cause for a Rule 4007(c) extension.

13. In seeking another 90-day extension until January 22, 2024[1], the Second Motion argues as a basis for extension the pending litigation on the Claims Objection and the ramifications of certain results.

14. However, regardless the result, the CA Claimants should not be permitted to file a §523(c) complaint due to the amount of time already provided, and due to the lack of good cause shown for such a lengthy extension.

15. The CA Claimants have demonstrated a pattern of unnecessary, undue delay from the onset of this case and have failed to show good cause for a second 90-day extension.

WHEREFORE, the Debtor, DAVID WALLACE GEMMELL, respectfully requests this

---

[1] The Second Motion, at Paragraph 9 and in the wherefore clause, requests an extension to January 22, 2023. This is presumably a typographical error as that date has long since passed.

Court enter an Order (i) denying the Second Motion; (ii) finding that CA Claimants have failed to demonstrate good cause to extend the deadline to file a §523(c) complaint, and; (iii) for whatever other and further relief this Court deems just and proper.

> **LIGHT & GONZALEZ, PLLC**
> **Attorneys for the Debtor**
>
> 8751 W. Broward Blvd., Suite #206
> Plantation, FL 33324
> Phone: (754) 900-6545
> Email: dustin@lightgonzalezlaw.com
>
> By: /s/ *Dustin Piercy*
> **Dustin Piercy, Esq.**
> Florida Bar No.: 1030710

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the aforementioned response in opposition Second Motion of Creditors Drs. Arezou Shahbazi, Joshua Kats and Sean Hershberger for an Order Extending Time to File Complaint Determining the Dischargeability of a Debt Under 11 U.S.C. §523 [DE #61] was served on this 31st day of October, 2023, via CM/ECF to all parties registered to receive electronic notice.

> **LIGHT & GONZALEZ, PLLC**
> **Attorneys for the Debtor**
>
> 8751 W. Broward Blvd., Suite #206
> Plantation, FL 33324
> Phone: (754) 900-6545
> Email: dustin@lightgonzalezlaw.com
>
> By: /s/ *Dustin Piercy*
> **Dustin Piercy, Esq.**
> Florida Bar No.: 1030710