**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:                                                                    Case No.: 23-13357-PDR
                                                                          Chapter 13
DAVID WALLACE GEMMELL

      Debtor.
_____/

**DEBTOR'S REPLY TO DRS. AREZOU SHAHBAZI,
JOSHUA KATS AND SEAN HERSHBERGER'S JOINT PRELIMINARY
RESPONSE TO DEBTOR'S OMNIBUS OBJECTION TO CLAIMS #10-12 [DE #65]**

DAVID WALLACE GEMMELL (*hereinafter*, the "Debtor" or "Mr. Gemmell"), by and through undersigned counsel, hereby files this Reply to Drs. Arezou Shahbazi, Joshua Kats and Sean Hershberger's (*hereinafter*, the "CA Claimants") Joint Preliminary Response to Debtor's Omnibus Objection to Claims #10-12 (*hereinafter*, the "Objection") [DE #65], and states as follows:

**I.    FAILURE TO RESPOND TO PORTIONS OF THE OBJECTION AND/OR OBJECT TO EXHIBITS CONSTITUTES WAIVER OF DEFENSES**

Failure to respond to particular portions of an argument constitutes a concession of the argument(s). *Otto v. City of Boca Raton*, No. 18-CV-80771-RLR, 2023 U.S. Dist. LEXIS 197127 *24 (S.D. Fla. November 1, 2023) *citing Kramer v. Gwinnett Cnty., Ga.*, 306 F. Supp. 2d 1219 (N.D. Ga. 2004) (A party's "failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed."), *cited in Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014); *see also Campbell v. Boies, Schiller, Flexner LLP*, 543 F. Supp. 3d 1334 (S.D. Fla. 2021) (J. Moore) (failure to address claim constitutes abandonment).

    A.  *The FL Agreement's Merger Clause Disclaimed Any Potential False Representations*

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Suite. 206, Plantation, FL 33324
Phone: (754) 900-6545 | Fax: (754) 203-2700 | Email: service@lightgonzalezlaw.com | Web: https://lightgonzalezlaw.com

The FL Agreement, attached to the Objection as Exhibit "B"[1], included a merger clause whereby the parties disclaimed any conditions, warranties and representations made prior to entering into the agreement. Part III subpart B of the Objection makes this reference in arguing that the CA Claimants gave up their right to a claim of false representations. In their Response, the CA Claimants made no objection to Exhibit "B", and made no mention of this portion of the Debtor's Objection. Therefore, the Court should determine this argument to be conceded—that the merger clause of the FL Agreement disclaims any right to allege false representations.

B. *The FL Agreement Was Extinguished Along With Claims That May Have Existed Prior To The WY Agreement*

Eventually the parties decided that it would be best to reincorporate in Wyoming, so they entered into the WY Agreement, attached as Exhibit "F" to the Objection. The WY Agreement included a novation clause canceling and superseding all previous agreements—namely, the FL Agreement. Part III subpart B of the Objection references this provision in arguing that if any right to a claim for false representation in entering into the FL Agreement did still exist, it was completely extinguished by effectively renegotiating the new WY Agreement. The CA Claimants made no objection to Exhibit "F", and made no mention of this portion of the Debtor's Objection. Therefore, the Court should determine this argument to be conceded—that the WY Agreement's novation clause extinguished the FL Agreement and disclaimed any right to allege false representations.

C. *Mr. Gemmell Is Not Subject To Personal Jurisdiction In California*

In Part III subpart A of his Objection, the Debtor argues that the California Action must be dismissed as he cannot be subject to personal jurisdiction in California. The relevance of this

---

[1] The Exhibits were referenced in the Objection but later filed and served via Supplement at DE #47, still outside of thirty (30) days of the date this matter was first set for hearing. There was no objection made to the Supplement.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Suite. 206, Plantation, FL 33324
Phone: (754) 900-6545 | Fax: (754) 203-2700 | Email: service@lightgonzalezlaw.com | Web: https://lightgonzalezlaw.com

argument is to demonstrate the lack of a cognizable claim against Mr. Gemmell. The CA Claimants made no mention of this portion of the Debtor's Objection. Therefore, the Court should determine this argument to be conceded—that Mr. Gemmell is not subject to personal jurisdiction in California and the Complaint should be dismissed as a result.

D. *The Initial $75,000.00 Investments Were Capital Contributions, Not Loans As Described In the Proofs Of Claims #10-12*

Part I of the Objection is dedicated to establishing the fact that the CA Claimants, along with Mr. Gemmell, invested in Dentistry X—rather than loan money. Citing *In re Lorenzo*, 2011 WL 285628 (Bankr. M.D. Fla. 2011), the Debtor is arguing that equity interests arising from capital contributions do not constitute claims. The capital contributions were provided directly to Dentistry X to help with building out and with other business expenses. The CA Claimants admit in their Response that their investments were indeed capital contributions and not loans. Furthermore, the CA Claimants made no objection to nor mention of either of Exhibits "E", "G" or "H". Therefore, the Court should determine this argument to be conceded—that the capital contributions do not constitute claims.

E. *CA Claimants' Claims Are Limited To The Pleadings In The California Action*

In the Conclusion of the Objection, the Debtor recognizes and argues that the Complaint filed in the California Action serves as the [sole] basis for the claims of the CA Claimants. That certain Complaint is attached to each of Proofs of Claims #10-12 and is attached to the Objection as Exhibit "D". The CA Claimants, in their Response, reference and quote the Complaint in support of their claim while making no objection to Exhibit "D". Therefore, the Court should deem this argument to be conceded—that all alleged claims are limited to those pled in the California Complaint.

## II. ALL MEMBERS OF DENTISTRY X SUFFERED THE SAME INJURY DUE TO CA CLAIMANTS' COLLECTIVE EXIT, AND ONLY THE DEBTOR SUFFERED A SPECIAL INJURY NECESSITATING THIS BANKRUPTCY CASE

Upon the formation of Dentistry X, the parties (who were friends) understood that the profit sharing would take substantial time and effort to become fruitful. In the meantime, Mr. Gemmell received a salary, and the CA Claimants became the sole contractors of Dentistry X receiving (1) a potion of the revenue for performing consultative duties, (2) software and credentials, and (3) continuing education courses. As agreed by all parties prior to formation, Dentistry X paid the CA Claimants for their consultative duties at nearly 2x the going rate. On information and belief, this served as the main source of income for at least one of the CA Claimants at the time.

Business was as expected at formation and was growing. Once the CA Claimants collectively decided to exit, Mr. Gemmell was unable to lift up the company on his own. The CA Claimants' request to work for Dentistry X even after exiting was an impossibility. Upon dissolution of the WY-registered Dentistry X, all parties suffered the same injury—no profits were available for sharing. Therefore, lacking a special injury which could be linked to a direct action by Mr. Gemmell, the CA Claimants' cannot state a claim against the Debtor himself. Even worse, Mr. Gemmell, not the CA Claimants, struggled to get back on his feet necessitating this Chapter 13 bankruptcy case.

## III. NEW ALLEGATIONS BROUGHT UP FOR FIRST TIME IN THE RESPONSE SHOULD BE STRICKEN AND DEEMED TO HAVE BEEN WAIVED.

The Eleventh Circuit caselaw makes clear that a party waives specific issues if raised in a perfunctory manner. *See In re Suncoast Towers South Assocs. v. Menada, Inc.*, 1999 Bankr. LEXIS 770 (Bankr. S.D. Fla. June 17, 1999) (waiver is appropriate where party fails to cite an case authority to support their claim.); *NLRB v. McClain of Georgia, Inc.*, 138 F.3d 1418 (11th Cir. 1998) (general waiver where "issues raised in a perfunctory manner."); *Continental Tech. Serv.*

*Inc. v. Rockwell Int'l Corp.*, 927 F.2d 1198 (11th Cir. 1991).

The California Action is based upon a Complaint that includes no count(s) for breach of settlement agreement or breach of contract on a repurchase agreement. Proofs of Claims #10-12 likewise make no mention of a claim based upon an alleged settlement agreement and the breach thereof. This alleged basis for Claim is being brought up for the first time in the CA Claimants' Response. As discussed in Part I subpart E above, the CA Claimants conceded that the basis of their claim is limited to the Complaint in the California Action. Moreover, for failing to describe this as a basis for their claim in their Proofs of Claims, such argument should be deemed waived.

Regardless, Mr. Gemmell disputes the existence of any settlement agreement or equity repurchase agreement. The CA Claimants are well aware that the parties engaged in unsuccessful negotiations to resolve the contract dispute. Ultimately, the parties impassed; demonstrating that there was in fact <u>no agreement</u>. The Electronic Mail communications attached to the Response are incomplete, misleading, and prejudicial to Mr. Gemmell. As such, they (the E-mails) and that portion of the Response should be stricken.

IV.   **CONCLUSION**

The complaint in the California Action is a shotgun pleading and fails to establish the who, what, where, when and how of the alleged misconduct. When considered with all of the above, and the absence an unenforceable claim under agreement or applicable law, the Objection should be sustained.

      **LIGHT & GONZALEZ, PLLC**
      **Attorneys for the Debtor**

      8751 W. Broward Blvd., Suite #206
      Plantation, FL 33324
      Email: dustin@lightgonzalezlaw.com

      By: /s/ *Dustin Piercy*
      **Dustin Piercy, Esq.**
      Florida Bar No.: 1030710

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true copy of the aforementioned Reply was served on this 7th day of November, 2023, via CM/ECF to all parties registered to receive electronic notice.

                                             **LIGHT & GONZALEZ, PLLC**
                                             **Attorneys for the Debtor**

                                             8751 W. Broward Blvd., Suite #206
                                             Plantation, FL 33324
                                             Phone: (754) 900-6545
                                             Email: dustin@lightgonzalezlaw.com

                                             By: /s/ *Dustin Piercy*
                                             **Dustin Piercy, Esq.**
                                             Florida Bar No.: 1030710