

**MAIN OFFICE**:
8751 W. Broward Blvd., Ste. 209
Plantation, FL 33324
www.lightgonzalezlaw.com
Telephone: 754-900-6545
Facsimile: 754-203-2700

Gregory Light, Esq. – Manager-Member
Greg@lightgonzalezlaw.com

Anthony Gonzalez, Esq. – Manager-Member
anthony@lightgonzalezlaw.com

Dustin Piercy, Esq. – Associate
dustin@lightgonzalezlaw.com

## ATTORNEY- CLIENT RETAINER AGREEMENT
## FOR BANKRUPTCY SERVICES IN A CHAPTER 13 CASE
## AND LIMITED POWER OF ATTORNEY

### I.    PARTIES

This agreement is entered this **28th** day of **March, 2023**, between Light & Gonzalez, PLLC, (hereinafter "We" or "Us") and **David Gemmell** (hereafter, "You" or "Your"). You retain Us as Your attorneys to consult and advise You on matters relating to debt reorganization, including possible bankruptcy relief and (if appropriate), to represent You in a Chapter 13 bankruptcy proceeding and the contemporaneous representation in the Mortgage Modification Mediation ("MMM") program. We agree to use our best efforts and abilities in representing You in any such proceeding.

### II.    ATTORNEYS' FEES

For **BASIC** services rendered as stated in Paragraph III. Below, You promise to pay Us attorneys' fees in the amount of **$4,500.00**, and an additional **$313.00** for filing fees, **$150.00** for photocopy and postage costs, plus **$115.00** for Consumer Credit Counseling ($25.00 - online), Pre-Discharge Education ($15.00 - online), and Credit Report Retrieval ($75.00) for a total of **$5,078.00**. The amount of **$5,078.00** of said retainer is to be paid prior to filing Your bankruptcy case, and the remainder to be funded through the Chapter 13 Plan. This Retainer Agreement only becomes effective upon full execution and payment of **$2,078.00**.

Client understands that there is a charge of $150.0 per amendment in order to add creditors, after the bankruptcy case is filed, of which $32.00 is paid to the Court for Filing Fees. The above-mentioned fees and costs are the minimum fees and costs in this case. If the case becomes contested and/or requires more time than initially contemplated (~10 hours), the legal fees and costs may be more. In which case, the attorney will file a fee application with the Court, and at that time the fee and the rate for the hours expended by the attorney or associate will be based upon Paragraph IV of this Retainer Agreement.

In the event you elect to file a Chapter 13 case and that case is dismissed for any reason, the

Initial Here:



remaining fee balance, if any, shall be due and payable by You. Should you fail to pay the fee balance within ten (10) days of dismissal, this Law Firm may retain our own lawyers to collect the fee You owe without further notice, in which event You shall additionally be responsible for our attorneys' fees calculated at one-third (1/3) of the fee balance, and You will also be responsible for our court costs. You agree that in the event Your case is converted to a case under Chapter 7, You shall be responsible for an additional attorneys' fee for services we will provide to You that relates to a Chapter 7. If You do choose to convert Your Chapter 13 case to a Chapter 7, we will negotiate a new agreement. In the event of conversion, any fees due under this agreement may be collected from funds paid to the Chapter 13 Trustee, but will not exceed the combined agreed fees for the two agreements. **The fees charged herein do not include fees to convert your case to another Chapter.**

It is understood by You that the foregoing retainer may be applied and used as We see fit. The foregoing Agreement is hereby accepted subject to the payment of the retainer provided herein and shall remain in full force and effect until thirty (30) days written notification, by either party, of their intent to terminate said Agreement. **Termination of this Agreement shall not entitle Client to a refund of all or any portion of the retainer fee as specified herein**. It is further acknowledged that should said proceeding be dismissed (voluntarily or by the Court) or converted for any reason, then Attorney shall be entitled to apply to the Bankruptcy Court for any fees earned to the date of said dismissal. The Client further understands and acknowledges that should this case be dismissed (voluntarily or by the Court) prior to Confirmation, or converted, then the attorney is entitled, and may request fees from funds held by the Chapter 13 Trustee without Notice or Hearing to the Client. Should it be necessary, it is further acknowledged by You that We shall be entitled to apply to the Bankruptcy Court for any fees earned above and beyond the retainer amount in this agreement.

**You further understand that should the property subject to this Chapter 13 case be sold or refinanced, We will be entitled to be paid in full at the sale or refinancing of the subject property.**

IF AT ANY POINT YOU DECIDE NOT TO FILE FOR BANKRUPTCY RELIEF, ALL FUNDS PAID TO THIS OFFICE ARE NON-REFUNDABLE AND THE ONLY PORTION OF THE FUNDS PAID THAT MAY BE REFUNDABLE IS THE $313.00 FILING FEE. ALL FUNDS PAID TO THIS OFFICE WILL FIRST BE APPLIED TO ATTORNEY'S FEES, THEN COSTS, THEN THE COURT FILING FEE.

## III.    BASIC SERVICES

For the fee established in Section II above, We agree to provide basic legal services in connection with Your case. Basic services include, but are not limited to, advice to You before and during the case concerning the nature and effect of Chapter 13 bankruptcy; preparation and filing of statements and schedules; We will attend Your meeting of creditors; prepare any valid, supportable defense in the event of a motion for relief from the automatic stay, and; We will prepare any request by You to amend Your plan, add creditors, incur credit or suspend payments.. We will provide all requested documents to the Chapter 13 trustee, Creditors and U.S. Trustee. Notwithstanding the need for a fee application, We will undergo other regular and routine basic services not specifically stated at no additional charge to You.

Initial Here:



## IV.    NON- BASIC SERVICES AND ADDITIONAL FEES

Sometimes a bankruptcy case will involve disputes between You and others affected by the Chapter 13 case. **These disputes are occasionally treated as if they were independent, separate lawsuits, some of which are called "adversary proceedings." We both agree that any such matters are not part of the basic services noted in section III and for which additional compensation will be sought and for which You will be responsible.** Sometimes such additional fees may only be approved by Court order. In such case, such additional fees are based upon the time our professionals devote to the adversary proceedings, we will charge for any additional services at the following rates:

|  |  |
|---|---|
| Anthony Gonzalez, Esq. | $450.00 per hour |
| Dustin Piercy, Esq. | $450.00 per hour |
| Gregory Light, Esq. | $450.00 per hour |
| Paralegal | $200.00 per hour |
| Intern/Assistant | $100.00 per hour |

In addition, pursuant to **Local Rule 2016-1(B)(2)(a)**, such NON-BASIC services may include, but are not limited to the following:

1.    Actions to enforce the automatic stay pursuant to § 362(k);
2.    Actions to continue or impose the automatic stay pursuant to § 362(c);
3.    Rule 2004 examinations, depositions, interrogatories, or other discovery proceedings;
4.    Adversary proceedings;
5.    Contested motions placed on an adversary track;
6.    Motion to Allow Sale or Refinance ($500)*;
7.    Motions to Reject Executory Contracts ($500)*;
8.    Motions to Reinstate ($500)*;
9.    Motions to Avoid Judicial Liens ($500)*;
10.    Motions to Incur Debt ($500)*;
11.    Motions to Modify the Plan ($500)*;
12.    Motions to Value Personal Property ($500)*;
13.    Motions to Value Real Property ($750)*;
14.    Attendance at proceedings not in the usual Chapter 13 case;
15.    Other Litigation raised as an adversary proceeding in the bankruptcy case;
16.    Audits by the Office of the U.S. Trustee

*  An additional $25.00 in costs shall be charged for these motions.

We will discuss the additional fees prior to the performance of any of these services. We agree that should some other party be liable for fees, we shall attempt to collect such fees from them, but whether or not we collect the fees from someone else, you agree to be responsible for paying such fees.

*[Remainder of Page Intentionally Left Blank]*

Initial Here:



## V.    PLAN PAYMENTS

Your Chapter 13 Plan payments may depend on many factors: Proof of Claim(s) filed by Your creditors; negotiations with creditors; CMI Income; Income from all sources earned in the six months prior to the filing of the Petition; value of non-exempt assets; disposable income, and other issues. Therefore, We can only give Our best proposed advice at the commencement of the Chapter 13 Case. That Plan payment is not a guaranteed amount. You may have the option of dismissing Your case, and refilling at a later time after the prejudice period runs out.

You should continue to make Your car payments and mortgage payments irrespective of whether You receive a monthly statement from the creditor. If You fail to make payments to Your secured creditor(s), the secured creditor(s) has a right to file a Motion for Relief, and file a foreclosure or repossess your car even though You are in a Bankruptcy proceeding. Any creditor that is not provided for in the Chapter 13 Plan gets relief from the automatic stay upon the Confirmation of the Plan, and is allowed under the law to start foreclosure proceedings and repossess vehicles.

You have been advised that filing a Bankruptcy Petition and obtaining a Discharge of Your debts does not clean up Your credit report. We are not responsible for any item or items that may or may not show on Your credit report. We do not repair credit, and We are not responsible for Your credit score both before and after the filing of the Bankruptcy Petition. Credit Bureaus are private companies and are not affiliated or governed by the bankruptcy courts.

## VI.    LIMITED POWER OF ATTORNEY

In the event Your Chapter 13 case is dismissed or converted to another chapter, You grant to Us a limited power of attorney to apply funds on hand with our office towards the balance owed to Us, by granting to Us the right to endorse Your name(s) upon checks from the Court, to the Court, to the Trustee or any other party. We shall give You an accounting of all funds so applied.

Your signature on this contract also grants to Us the limited power of attorney to obtain Your tax information from anyone with whom You have consulted regarding tax returns or preparation or the Internal Revenue Service, including but not limited to, copies of Your tax returns and/or transcripts.

## VII.    DEBTOR'S OBLIGATIONS

The Debtor's (Your) Obligations are as follows:

a.    To pay the fees as set out above;
b.    To timely provide accurately and honestly all information necessary to prepare and file the Chapter 13 bankruptcy;
c.    To keep the attorney advised at all times of the Debtor's address and telephone numbers;
d.    To **attend the 341 Creditors Meeting** (failure to appear may result in automatic dismissal of Your case)
e.    To provide any information requested of the Debtor by the Chapter 13 Trustee, the US Trustee, or any other party in the case, unless the Court rules that the Debtor is not

Initial Here:

f.   To respond immediately to common or simple requests of the Debtor by Us

g.   While You <u>may attend</u> any court proceeding related to Your case, Your attendance at any other hearing(s) is <u>not necessary</u> unless expressly informed by Us prior to the hearing;

h.   To timely make all Plan payments to the Chapter 13 Trustee

Failure to timely make the **first** Plan payment **will result in automatic dismissal of Your case**. In most cases, the first plan payment is due prior to the 341 Creditors Meeting. We will notify You of the options for making payments and of the due date. Failure to make subsequent Plan payments may also result in dismissal.

## VIII.   TERMINATION OF LEGAL SERVICES AND OTHER LEGAL SERVICES

We agree that the services to be rendered by Us shall be considered terminated upon the dismissal of Your Chapter 13 case, or upon the completion and entry of discharge by the Bankruptcy Court in Your Chapter 13 case, except for instances where You request us to represent You to enforce the permanent injunction as provided for in 11 USC §524. In the event this agreement requires payment of a retainer and court costs as a pre-condition to filing, and the check or other method of payment used by You is dishonored, You agree that we may withdraw from representing You after notice to You. Any request by You for legal services not directly related to Your Chapter 13 bankruptcy case requires a separate agreement.

## IX.   RETENTION AND DISPOSITION OF FILES

It is Our general policy to maintain electronic files for bankruptcy cases for five (5) years starting from the date We close Your file. We encourage you to maintain a separate personal file of all bankruptcy related matters. The Bankruptcy Court generally closes our file upon dismissal or discharge of the case. The contents of our hard file will be returned to you after the close of the case or destroyed at the expiration sixty (60) days after the close of the case if you choose not to pick up your file.

## X.   SIGNATURE AUTHORIZATION AND COMMUNICATION

Your signature on this contract shall be authorization for Us to file a bankruptcy petition for You via the Bankruptcy Court's Electronic Case Filing System and all other subsequent court filings through the Bankruptcy Court's Electronic Case Filing System. You agree that We can provide copies of documents regarding Your bankruptcy case to You by either United States mail or electronic mail as You request below. You agree and understand that the request to change the designation for preferred method of sending You documents must be submitted to Us in writing. **You agree and understand that it is your responsibility to provide us with a correct and current United States mail or electronic mail address for you at all times during the bankruptcy case.**

Initial Here:



Additionally, you hereby consent to the receipt of notices to either your physical address or your e-mail which is as follows:

*Client*:          **David Gemmell**          *Email:* **doctordwg@gmail.com**
                   **425 SE 1st St., Apt. 808**
                   **Pompano Beach, FL 33060**

## XI.    RECEIPT OF MANDATORY NOTICE AND DISCLOSURE

The Bankruptcy Abuse and Prevention and Consumer Protection Act of 2005 requires us to provide mandatory notices / disclosures to You. Your signature on this contract shall be acknowledgement by You that You have received, read, and understand the three (3) separate documents entitled "§ 342(b) Notice", "§ 527(a) Disclosure" and "§ 527(b) Disclosure".

## XII.    TAX ADVICE

You understand that this Law Firm does not practice in the area of Taxation or Federal or State Income Tax Law. Therefore, We do not dispense any Tax Related Advice, including but not limited to whether a certain Federal or State Income Tax Liability owed in the past, currently or in the future is dischargeable in this proceeding. We strongly suggest and advise You to consult with a Tax Attorney/professional for tax related advice. Your accountant/CPA may also be able to advise You on Tax issues. You expressly agree to hold Us harmless regarding Your tax liabilities.

## XIII.    OTHER GENERAL PROVISIONS

You understand that if You fail to attend the §341 Meeting(s) (First Meeting of Creditors), confirmation hearing(s) and any other appearances ordered by the Court, your right to a discharge may be impaired, and the case may be subject to conversion or dismissal.

You understand that because of the time constraints involved in a Chapter 13 proceeding, and the possibility of monetary sanctions by the Court on Us and/or You, and in order for Us to represent You effectively in this Chapter 13 Proceeding, you must cooperate fully, and provide Us with all the required documents requested by Us or the Trustee, in a timely manner.

You understand that the success of the bankruptcy proceeding and the discharge therein is dependent upon the truth and accuracy of the information submitted by You to Us in this proceeding. To the extent You have not fully disclosed all material facts or discussed all pertinent aspects of Your bankruptcy proceeding with Us, you fully release and waive any claim against Us, that may arise as a result of Your failure to disclose such information to Us or Our agents. You agree that you will carefully review Your Petition, Schedules, and Statement of Financial Affairs with Us to ensure that all of the information contained herein is complete and accurate before signing same. You understand that it is Your responsibility to provide any and all documents requested by Us, U.S. Trustee, or a Chapter 7 or 13 Trustee to Us in a timely manner. You also understand that your failure to provide the requested documents in a timely manner may

Initial Here:



jeopardize Your ability to obtain a discharge in this bankruptcy. It is Your responsibility to inform Us of any changes in Your home address or phone numbers.

## XIV.    ENTIRE AGREEMENT

The entire contract between us is contained in this instrument. We both agree to all of the terms and conditions set forth herein and acknowledge that you have read and understand this agreement.

## PAPERLESS OFFICE POLICY

To conserve our natural rescoures and keep our costs down to our clients, our office has a paperless office policy.  Accordingly, any notices will be sent to you in electronic format. By signing this retainer agreement, you are hereby consenting to and acknowledging that you have provided our office with your correct email address and that you agree to recieving correspondence via e-mail.  Additionally, you hereby agree that you will immedietly inform our office if you have changed your email address or if you are no longer able to recieve e-mail at the address that you have provided herein.

We appreciate the opportunity to be your representative in this important matter and I/we look forward to working with you.

_David Gemmell_                                    3/28/2023
Client – David Gemmell                      Date

_[signature]_                                    3/29/2023
Attorney(s) – Dustin Piercy,                Date
Gregory Light, and/or
Anthony Gonzalez for
Light & Gonzalez, PLLC

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 209, Plantation, FL 33324
Phone: (754) 900-6545 | Email: service@lightgonzalezlaw.com | Web: https://lightgonzalezlaw.com

Initial Here:
DG